Tiiurman, J.
Upon tho testimony, it is our opinion that Cameron was a contractor for tho carpenter-work only, and that, as to the residue of tho work, ho was merely tho superintendent or agent of Samyn. We see no evidence that tends to prove tho contrary. In this view of the case, all the authorities agree that tho latter is liable. Had the injury resulted from negligence of tho carpenters in doing their work, tho case would bo very different; but resulting from tho carelessness of hands inSamyn’s employment, as we think they were, there is no disputed question of law involved. Tho so-called possession of' Cameron was as the agent of Samyn merely, or, rather, he occupied the premises as mechanics-usually do when making improvements. Digniiying a more license thus to occupy, by calling it a surrender of possession, wilL not serve to avoid responsibility.
Wo see no proof that the accident occurred through any negligence of McClosky, nor can we say that the verdict is clearly .against the weight of evidence.

Judgment affirmed.